IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FISHER-PRICE, INC., and MATTEL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KIDS II, INC., <br><br> Defendant. | Civil Action No. 10-CV-00988-A(F) |

### DEFENDANT KIDS II'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXTEND FACT DISCOVERY

**I.   INTRODUCTION**

Plaintiffs Fisher-Price, Inc. and Mattel, Inc. (collectively, "Plaintiffs") have produced *over a half-million pages of documents* within the last two weeks of fact discovery. Indeed, while fact discovery has been open for over a year, and Plaintiffs had only produced approximately 100,000 pages of documents through the third week of June, Plaintiffs have just quintupled their production of documents in this case. Plaintiffs' failure to produce such a large volume of documents in a timely manner has severely prejudiced Defendant Kids II, Inc. ("Kids II"), as it leaves Kids II with insufficient time to process and review these documents before the close of fact discovery, and meet the subsequent deadlines for motions to compel fact discovery and opening expert reports.

Even worse, Plaintiffs' untimely production falls after nearly all of the individual and Rule 30(b)(6) depositions have been conducted in this case. While Plaintiffs contend that they were not required to produce these documents earlier because they contain

email from employees not noticed for deposition in this case, many, if not all, of the employees are directly involved with Fisher-Price's swing products and likely have documents that are highly relevant to the parties' claims and defenses in this case. As a result, Kids II believes that these documents will likely necessitate additional fact discovery, as well as additional time with one or more of Plaintiffs' Rule 30(b)(6) witnesses.

Accordingly, Kids II respectfully requests a unilateral 45-day extension to the fact discovery period (as well as a general extension to all subsequent deadlines) to provide Kids II with sufficient time to process and review Plaintiffs' untimely production, and take any additional discovery that may be necessitated by Plaintiffs' untimely production.

## II.   PROCEDURAL BACKGROUND

On May 22, 2012, this Court entered a Fourth Amended Scheduling Order in the case. (Dkt. No. 81). As set forth in Plaintiffs' unopposed motion to amend the scheduling order, additional time was necessary in light of the availability of Plaintiffs' witnesses and to permit the completion of electronic discovery. (*See* Dkt. No. 78, p. 1). Indeed, the parties had previously agreed to a protocol governing the production of email in late March and, despite the fact that over a month and a half had passed since the parties agreed to the protocol, Plaintiffs had only produced email from one custodian. (*See* Declaration of Scott P. Amy "Amy Decl."), Exs. A & B).

Specifically, the parties' agreement for the production of email called for each party to submit the names of 10 custodians from whom email would be produced, along with a list of 20 search terms to be used by the opposing party in the search and collection of email from each custodian. (*See* Amy Decl., Ex. A). In light of upcoming depositions,

the parties agreed to initially produce email on a rolling-basis, no later than one week in advance of a custodian's deposition. (*See* Amy Decl., ¶ 4). However, contrary to Plaintiffs' contention in its correspondence, at no point did the parties agree that the production of email from custodians not noticed for deposition could be produced during the final two weeks of fact discovery. (*See* Amy Decl., ¶ 5).

Notably, Kids II began producing email on April 18, 2012, only weeks after the parties agreed to the protocol, and completed its production of email on June 1, 2010, five weeks prior to the close of fact discovery. (*See* Amy Decl., Exs. E & F). Plaintiffs, on the other hand, had produced only a total of 103,766 pages of documents as of June 20, 2012, including email from four custodians. (*See* Amy Decl., Exs. D & G). Then, with only two weeks remaining before the close of fact discovery, Plaintiffs proceeded to produce nearly 510,000 pages of additional documents between June 21 and 27, 2012, including email from an additional six custodians. (*See* Amy Decl., Exs. D, H – M).

Given the timing and sheer volume of Plaintiffs' production, Kids II promptly requested from Plaintiffs a 45-day extension to the fact discovery the following day on June 28, 2012. (*See* Amy Decl., Ex. C). Plaintiffs, however, have refused to provide Kids II with any additional time to review their production, and apparently believe that their production of a half-million pages of documents a week before the close of fact discovery was timely. (*See* Amy Decl., Ex. D & ¶ 5). Contrary to Plaintiffs' suggestion, a week – or even two weeks – is not "more than enough time" for Kids II to process and review a half-million pages of documents, as Kids II is still processing documents for review with

only days left in the fact discovery period,[1] and needs additional time to conduct a meaningful review of the documents and take any additional discovery that may be necessitated by Plaintiffs' untimely production.

### III.  ARGUMENT AND CITATION OF AUTHORITIES

A scheduling order may be modified where good cause is shown. *See* Fed. R. Civ. P. 16(b)(4). Whether good cause exists to modify a scheduling order is dependent upon "the diligence of the moving party." *Mento v. Potter*, 2011 WL 2923625, *3 (W.D.N.Y. 2011) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2nd Cir. 2003)). "In this district, good cause has been defined in this context to mean that scheduling deadlines cannot be met despite the party's diligence." *Id.* at *3 (citing *Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (Foschio, Mag. J.) (*adopted* 175 F.R.D. 439 (W.D.N.Y.1997) (Arcara, J.)).

District courts have routinely frowned upon the voluminous production of documents at the twilight of discovery. *See, e.g., Cornell Research Found., Inc. v. Hewlett-Packard Co.*, 2006 WL 5097357, *16-17 (N.D.N.Y. 2006) ("the litigation tactic employed by HP, in making such an extraordinary voluminous, twelfth hour production, is disturbing"). Where a party has undertaken such tactics, district courts have recognized that additional discovery by the party receiving the document may be necessary. *See id.*, at *17.

---

[1] Depending upon the volume of documents, it can take several days to fully process a set of electronically produced files before they may be reviewed by attorneys for Kids II. (*See* Declaration of Joshua M. Weeks ("Weeks Decl."), ¶ 4). At this time, approximately 67,000 pages are still processing, and are unavailable for review. (*See* Weeks Decl., ¶ 5).

Here, despite Kids II's diligence, it has been wholly deprived of the opportunity to review the vast majority of Plaintiffs' document production before the current deadline for the close of fact discovery, as Kids II is still processing the electronic files containing Plaintiffs' voluminous production. (*See* Amy Decl., ¶ 2). Thus, good cause exists to grant Kids II's Motion, because it needs additional time to conduct a meaningful review of the documents and take any additional discovery related to the documents and information contained in Plaintiffs' untimely production. Plaintiffs' refusal to provide Kids II with additional time is unreasonable and, absent relief from the Court, will severely prejudice Kids II ability to prepare its case.

## IV.  CONCLUSION

For the foregoing reasons, Kids II respectfully requests that the Court: (i) grant Kids II's motion for a unilateral 45-day extension to the fact discovery period; (ii) extend all subsequent deadlines for the parties as set forth in the Proposed Order; and (iii) award Kids II its costs and fees incurred in bringing this Motion.

Dated: July 5, 2012

                                    Respectfully submitted,

                                    /s/ Scott P. Amy_____
                                    Michael J. Berchou
                                    PHILLIPS LYTLE LLP
                                    3400 HSBC Center
                                    Buffalo, NY 14203-2887
                                    Tel: (716) 847-7078
                                    mberchou@phillipslytle.com

- 6 -

                                        Robert L. Lee
                                        Scott P. Amy
                                        ALSTON & BIRD LLP
                                        1201 West Peachtree Street
                                        Atlanta, GA 30309-3424
                                        Tel.: (404) 881-7000
                                        Fax: (404) 881-7777
                                        bob.lee@alston.com

*Attorneys for Defendant Kids II, Inc.*