UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FISHER-PRICE, INC.,                                                **DECISION**
MATTEL, INC.,                                                          **and**
                                        Plaintiffs,                  **ORDER**
        v.
                                                            **10-CV-988A(F)**
KIDS II, INC.,

                                        Defendant.


APPEARANCES:          HODGSON RUSS, LLP
                      Attorneys for Plaintiffs
                      ROBERT J. LANE, of Counsel
                      The Guaranty Building
                      140 Pearl Street, Suite 100
                      Buffalo, New York   14202

                      KENYON & KENYON LLP
                      Attorneys for Plaintiffs
                      JOHN FLOCK,
                      K. PATRICK HERMAN, of Counsel
                      One Broadway
                      New York, New York   10004

                      KENYON & KENYON LLP
                      Attorneys for Plaintiffs
                      JOHN R. HUTCHINS, of Counsel
                      1500 K. Street NW
                      Washington, D.C. 20005

                      PHILLIPS LYTLE LLP
                      Attorneys for Defendant
                      MICHAEL J. BERCHOU, of Counsel
                      3400 HSBC Center
                      Buffalo, New York   14203-2887

                      ALSTON & BIRD LLP
                      Attorneys for Defendant
                      ROBERT L. LEE,
                      SCOTT P. AMY, of Counsel
                      1201 West Peachtree Street
                      Atlanta, Georgia   30309-3424

In this case, alleging Defendant's infringement of Plaintiff's patent and false marking by Plaintiffs, Defendant moves (Doc. No. 84) to extend fact discovery by 45 days based on Plaintiffs' "document dump" (Doc. No. 90 at 4) of approximately 500,000 pages of electronically stored information ("ESI") documents particularly emails which occurred within two weeks prior to the July 6, 2012 cut-off date of completion of fact discovery established by the Fourth Amended Scheduling Order (Doc. No. 81) ("Defendant's motion").  Plaintiffs oppose Defendant's motion by papers filed July 19, 2012 (Doc. No. 89) essentially contending that in seeking production of Plaintiffs' ESI Defendant's use of unreasonably overbroad search terms caused Plaintiffs' delayed production, and that Plaintiffs' production, which the parties agreed was to be done on a rolling basis, was nevertheless timely because the bulk of the later produced ESI, essentially emails, came from custodians who were not noticed by Defendant for depositions (Doc. No. 80 at 1-2).

The court recognizes that the parties have attempted to complete discovery, including the ESI phase which now gives rise to the dispute, expeditiously; however, it also is aware of the inherent limitations in the use of search terms in reviewing large amounts of ESI.  *See Moore v. Publicis Groupe & MSL Group*, 2012 WL 607412, *10 (S.D.N.Y. Feb. 24, 2012) (noting failure of attorneys requesting ESI to use search terms which are based on actual knowledge of responding party's custodians' terminology and problematic nature of search term methodology).  It is also now established that effective use of such methodology requires a high degree of cooperation by the parties to assure the effectiveness of the selected search terms.  *See In re Seroquel Prods. Liability Litigation*, 244 F.R.D. 650, 662 (M.D. Fla. 2007) ("[W]hile key word searching is

a recognized method to winnow relevant documents from large repositories, use of this technique must be a cooperative and informed process.").  Without knowing the specifics of the ESI protocol – a document not provided by the parties – to which the parties agreed in March, the court cannot assess the accuracy of Plaintiffs' contention that Defendant's selection of search terms was not sufficiently narrow.  The court acknowledges that Plaintiffs contend (Doc. No. 89 at 4) that Defendant failed to timely react to Plaintiffs' request for more narrow search terms and to allow Plaintiffs to make reasonable adjustments to the terms.  It is not clear from the record, however, to what extent the voluminous nature of the ultimate ESI production by Plaintiffs is attributable to these asserted failures.  Defendant argues that Plaintiffs unduly delayed commencing Plaintiff's search (Doc. No. 90 at 2).  In any event, as stated, this form of ESI discovery is problematic even with extensive cooperative inter-action between parties.  *Moore*, 2012 WL 607412, *10.  Thus, on the record of the instant motion, the court is unable to say that Defendant is solely responsible for the problem presented on Defendant's motion as Plaintiffs contend.

On the other hand, Plaintiffs' assertion that as the bulk of the alleged "document dump" relates to emails involved witnesses (custodians ) not then noticed by Defendant for deposition obviates the need for Defendant's requested additional time within which to complete fact (ESI) discovery overlooks the possibility that such information may well provide facts requiring reconsideration of Defendant's decision not to depose such potential witnesses, if not reopening the depositions of Plaintiffs' witnesses whose depositions by Defendant were recently completed.  In any event, it appears to the court that Defendant has established, in these circumstances, good cause to amend

3

the Fourth Amended Scheduling Order, and Defendant's motion should therefore be GRANTED.

Given that briefing of Defendant's motion has extended through July 23, 2012, the court also finds that at this point Defendant has already received a substantial portion of the relief requested.  Further, in order to more accurately assess to what extent the remaining dates established by the Fourth Amended Scheduling Order require modification as Defendant also requests, the court finds that a comprehensive amended scheduling order addressing the remaining steps in preparing this case for trial or summary judgment, should be deferred pending completion of fact discovery as Defendant's motion requests.  Accordingly, the remaining dates in the Fourth Amended Scheduling Order are suspended, and a further discovery status conference is set for **September 20, 2012 at 11:30 a.m.** before the undersigned.  The parties shall provide a proposed Fifth Amended Scheduling Order to the court, or individual proposed orders, **not later than September 17, 2012.**

Finally, the court finds the record provides insufficient indicia of any bad faith or oppressive conduct by Plaintiffs in providing the ESI discovery at issue to warrant an award of attorneys fees as Defendant requested (Doc. No. 90 at 7).  Nor is the court able to say that Plaintiffs' opposition to Defendant's motion was not substantially, *i.e.*, reasonably arguable, justified.  Therefore, no sanction, as Defendant requests against Plaintiffs is granted.

## CONCLUSION

Based on the foregoing, Defendant's motion (Doc. No. 84) is GRANTED;

Defendant's request for sanctions is DENIED.  Fact discovery shall be completed not later than **September 14, 2012**.  A discovery status conference to schedule further proceedings in an amended scheduling order is set for **September 20, 2012 at 11:30 a.m.**

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 10, 2012
      Buffalo, New York