UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FISHER-PRICE, INC., MATTEL, INC.,

          Plaintiffs,

v.

KIDS II, INC.,

          Defendant.

**DECISION AND ORDER**

1:10-CV-00988 EAW

---

## INTRODUCTION

Plaintiffs Fisher-Price, Inc. and Mattel, Inc. ("Plaintiffs") have sued Defendant Kids II, Inc. ("Defendant") for patent infringement. (Dkt. 1). Specifically, Plaintiffs allege that Defendant has infringed various claims of United States Patent No. 5,562,548 (the "'548 Patent"), which issued on October 8, 1996, and is entitled "Convertible Child Swing." (*Id.* at ¶¶ 8-13).

This case was initially assigned to the Honorable Richard J. Arcara, United States District Judge. On January 25, 2011, Judge Arcara entered an order referring this matter to the Honorable Leslie G. Foschio, United States Magistrate Judge, for hearing and disposition of all non-dispositive motions or applications, supervision of discovery, and to hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(1)(B) and (C). (Dkt. 10).

On November 7, 2012, Judge Foschio entered an order setting forth a claim construction briefing schedule. (Dkt. 112). Pursuant to said schedule, the parties filed briefs on claim construction issues on December 20, 2012. (Dkt. 113, 114). The parties filed responsive claim construction briefs on January 2, 2013. (Dkt. 116, 117). Judge Foschio held a claim construction hearing on January 8, 2013. (Dkt. 118). Judge Foschio permitted the parties to file supplemental claim construction briefs; both parties did so on January 18, 2013. (Dkt. 119, 120).

On June 24, 2014, Judge Foschio entered a Report and Recommendation regarding claim construction. (Dkt. 123). On July 22, 2014, Defendant filed objections to the Report and Recommendation. (Dkt. 127). Plaintiffs filed a response to Defendant's objections on August 12, 2014 (Dkt. 130), and Defendant filed a reply on August 26, 2014. (Dkt. 131). This case was transferred to the undersigned on January 30, 2015. (Dkt. 132).

For the reasons set forth below, the Court adopts the Report and Recommendation in whole and construes the disputed claim terms of the '548 Patent as set forth therein.

## BACKGROUND

The factual and procedural background of this case is set forth in detail in the Report and Recommendation. (*See* Dkt. 123 at 2-7). Familiarity with the Report and Recommendation is assumed for purposes of this Decision and Order.

# DISCUSSION

## I. Legal Standard

Claim construction issues are often dispositive of the parties' claims and defenses in a particular case. *See Von Holdt v. A-1 Tool Corp.*, 636 F. Supp. 2d 726, 730 (N.D. Ill. 2009). As a result, "this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made." *Crowe v. Leroy Cent. Sch. Dist.*, 949 F. Supp. 2d 435, 438 (W.D.N.Y. 2013); *see also Armstrong Pump, Inc. v. Hartman*, No. 10-CV-446S, 2013 WL 5562432, at *1 (W.D.N.Y. Oct. 8, 2013) (reviewing *de novo* report and recommendation on claim construction).

"The[re] are two elements of a simple patent case, construing the patent and determining whether infringement occurred. . . . The first is a question of law, to be determined by the court, construing the letters-patent, and the description of the invention and specification of claim annexed to them. The second is a question of fact, to be submitted to a jury." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996) (quotation omitted). "In construing [patent] claims, the analytical focus must begin and remain centered on the language of the claims themselves, for it is that language that the patentee chose to use to particularly point [ ] out and distinctly claim[ ] the subject matter which the patentee regards as his invention. The words used in the claims are examined through the viewing glass of a person skilled in the art. In the absence of an express intent to impart a novel meaning to the claim terms, the words are presumed to take on

the ordinary and customary meanings attributed to them by those of ordinary skill in the art." *Brookhill-Wilk 1, LLC. v. Intuitive Surgical, Inc.*, 334 F.3d 1294, 1298 (Fed. Cir. 2003) (quotation and citations omitted). "To ascertain the scope and meaning of the asserted claims, [a court] look[s] to the words of the claims themselves, the specification, the prosecution history, and any relevant extrinsic evidence. This inquiry typically begins and ends with the intrinsic evidence. In fact, the specification is the single best guide to the meaning of the claim terms; it is usually dispositive." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1217-18 (Fed. Cir. 2014).

## II.   Disputed Claim Terms

As set forth in the Report and Recommendation, the instant action involves Claims 1 and 10 of the '548 Patent. (Dkt. 123 at 4). Plaintiffs maintain that six claim terms require construction by the Court, while Defendant maintains that eight claim terms require such construction. (*Id.* at 4-5). Judge Foschio made the recommendations set forth below as to the disputed claim terms.

As to the term "child seat," Judge Foschio recommended adopting Plaintiffs' proposed construction of this term as "a seat adapted for receiving a child." (*Id.* at 8-12). Judge Foschio rejected Defendant's argument that the term "child seat" should be limited to a child seat designed to be capable of functioning "apart from the swing." (*Id.*).

As to the term "frame," Judge Foschio agreed with Plaintiffs that this claim term is properly construed as "a rigid support structure," and rejected Defendant's proposal that the term be construed as simply "a support structure." (*Id.* at 12-15).

As to the term "child swing," Judge Foschio rejected both Plaintiffs' proposed construction of "a swing adapted for use by a child" and Defendant's proposed construction of "a swing designed to accommodate a child." (*Id.* at 15-16). Judge Foschio instead recommended adoption of the construction "a swing designed exclusively for use by a child." (*Id.* at 16).

With respect to a claim term containing certain "directional terms" (*i.e.*, "forward-facing position," "forward swing position," and "side-facing position"), Judge Foschio again rejected both parties' proposed constructions. (*Id.* at 16). Judge Foschio instead recommended that the directional terms be defined with reference to the position of the child seated in the swing, and that the disputed claim term containing the directional terms be construed to mean "connected to allow for rotation between at least two fixed positions [–] that is a forward facing position and a side to side position of a child while seated in the child seat." (*Id.* at 18).

As to the term "latch assembly," Judge Foschio recommended adopting Plaintiffs' proposed construction of "a fastening structure with mating mechanical parts." (*Id.* at 19). Judge Foschio rejected Defendant's proposed construction of "a lug that fits into a slot, and is lifted or released by a lever." (*Id.*).

Finally, as to the term "base," Judge Foschio recommended adopting Plaintiffs' proposed construction ("a supporting part . . . connected to the swing frame"). Although Defendant argued for a different construction before Judge Foschio, it has not objected to this portion of the Report and Recommendation. (*See* Dkt. 127).

Having reviewed *de novo* the parties' submissions, the record, and the Report and Recommendation, the Court "finds [Defendant's] objections unavailing on each of the claim terms to which they apply." *Armstrong Pump*, 2013 WL 5562432 at *1. With respect to each of the claim terms set forth above, Judge Foschio properly applied the well-established rules of patent claim construction – namely, that the claim terms should be deemed to take on their ordinary and customary meanings in the absence of a clear intention to impart a novel definition. In particular, Judge Foschio correctly rejected Defendant's proposed constructions that sought to improperly import limitations into the claims based on the preferred embodiments set forth in the patent specification. "The claims, not specification embodiments, define the scope of patent protection. The patentee is entitled to the full scope of his claims, and [the Court] will not limit him to his preferred embodiment or import a limitation from the specification into the claims." *Kara Tech. Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1348 (Fed. Cir. 2009). As a result, the Court adopts the Report and Recommendation and the findings therein in their entirety.

## CONCLUSION

The Court adopts the Report and Recommendation (Dkt. 123) in whole. The disputed claim terms of the '548 Patent are construed as set forth therein.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  May 19, 2015
    Rochester, New York